d in Providence/Bristol County Superior Court
omitted: 4/17/2017 3:58:08 PM
velope: 1007232
viewer: Alexa G.

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br>**PROVIDENCE** | **SUPERIOR COURT** |
| JOHN DEATON and O & J, LLC<br>    *Plaintiffs* | |
| v. | C.A. No. 2017 - |
| LIBERTY MUTUAL GROUP, INC.<br>d/b/a LIBERTY MUTUAL INSURANCE<br>    *Defendants* | |

## COMPLAINT

The Plaintiffs, John Deaton and O & J, LLC, hereby file their Complaint and Demand for Jury Trial as follows:

### Introduction

1. This action arises from an insurance claimed filed for damages to John Deaton and O & J, LLC's (hereinafter "Plaintiffs") commercial property. The Plaintiffs' had entered into an insurance contract with Liberty Mutual Group, Inc (hereinafter "Defendant") and that policy was in place during all relevant times. The Plaintiffs' suffered damages to their commercial property and sought recovery from Defendant under the applicable insurance policy. Defendants have refused to fully settle the claim, offered substantially less than true value and delayed in making the Plaintiffs whole without adequate justification. Upon information and belief, the Plaintiff further allege the Defendant's actions were a breach of contract and in bad faith.

### The Parties

2. Plaintiff, John Deaton, is a person who resides in and is a citizen of Rhode Island.

3. Plaintiff, O & J, LLC., is a limited liability corporation formed and registered under the laws of Rhode Island. Its principal place of business is 450 N. Broadway, East Providence, RI.

:d in Providence/Bristol County Superior Court
)mitted: 4/17/2017 3:58:08 PM
/elope: 1007232
/iewer: Alexa G.

CASE 1:17-cv-00233-WES-LDA   Document 1-1   Filed 05/16/17   Page 2 of 17 PageID #: 6

4. Defendant, Liberty Mutual Group, Inc, is an insurance company that is registered in Rhode Island as a foreign corporation. It is a global insurer that has multiple agents and routinely does business in Rhode Island. Its global headquarters is registered as 175 Berkeley Street, Boston, Massachusetts.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction pursuant to R.I. Gen. Laws § 8-2-14 because the amount in controversy exceeds ten thousand dollars ($10,000), exclusive of interests and costs, and is between citizens of different states.

6. Venue is proper in Providence division pursuant to R.I. Gen. Laws § 9-4-3 because the Plaintiffs both reside in Providence County.

7. This Court has personal jurisdiction over the Defendants pursuant to R.I. Gen. Laws § 9-5-33(a) because the defendant routinely conducts business in Rhode Island, the contract at issue was signed in Rhode Island, and the insurance covered property in Rhode Island in accordance with the laws of Rhode Island.

## Nature of this Action

8. Plaintiffs seek recovery of amounts owed in accordance with an insurance contract entered into by the Parties and monetary damages for breach of contract in bad faith.

## Facts

9. Plaintiff John Deaton is owner of O & J, LLC. Together, the Plaintiffs are owners of commercial property located at 446 North Broadway, East Providence, RI.

10. On or about March 31, 2013, rainfall and higher than average winds, as predicted by weather forecasters, passed through East Providence, and thereafter blew away temporary roofing that was protecting the Plaintiffs' property at 446 North Broadway, East Providence, RI during construction; allowing water into the premises and caused damage.

d in Providence/Bristol County Superior Court
omitted: 4/17/2017 3:58:08 PM
envelope: 1007232
Viewer: Alexa G.

Case 1:17-cv-00233-WES-LDA   Document 1-1   Filed 05/16/17   Page 3 of 17 PageID #: 7

The water damage to the interior of the premises resulted in the Plaintiffs suffering property loss, cost to remediate, and loss in rental income.

11. At all times relevant hereto, plaintiff owned the insured property and maintained steady rental income from the property.

12. At all times material hereto, Plaintiffs had an insurance contract in effect with the Defendant for building and contents. The applicable insurance contracts specifically provided coverage for the incident that occurred on March 31, 2013.

13. Following the discovery of damage, Plaintiffs notified their insurance company the loss and filed their claim.

14. Subsequently, Defendant sent adjusters and/or other authorized representatives to evaluate Plaintiffs' losses.

15. The adjuster that came to Plaintiffs' property and assessed the Plaintiffs' damage.

16. Defendant offered to pay Plaintiff $83,483.24 for the damage to the property. $12,911.53 was to be withheld pending documentation of repairs being completed. The $83,483.24 was less than the damage actually sustained by Plaintiffs as a result of the incident.

17. By February 14, 2014, the Plaintiff had documented $121,830 of out-of-pocket expenses / loss and estimated another $30,000 in loss of commercial use. The actual amount lost to-date may be higher than that documented in 2014.

18. The Defendant and/or its authorized agents advised the Plaintiff that it would partially accept and deny their claim by letter dated April 8, 2014, and received April 18, 2014. The Plaintiff has continued to refute adjustment since.

19. On March 25, 2016, the Plaintiff received what it believes to be the final check for undisputed amounts. Approximately $68,345.76 in losses to which coverage and payment is owed remains outstanding and in dispute.

Filed in Providence/Bristol County Superior Court
Submitted: 4/17/2017 3:58:08 PM
Envelope: 1007232
Reviewer: Alexa G.

Case 1:17-cv-00233-WES-LDA   Document 1-1   Filed 05/16/17   Page 4 of 17 PageID #: 8

20. At all times material hereto, Plaintiffs have fully cooperated with Defendant and provided access to the property at issue, as well as claim documentation to the best of their ability.

## FIRST CLAIM
## Breach of Contract

21. Plaintiff restates allegations contained in Paragraphs 1 through 21, and incorporates here by reference.

22. The Defendant breached its contract of insurance with plaintiff by:

   a. Failing to promptly and reasonably adjust the claim;

   b. Failing to properly train and/or instruct its adjusters and/or agents;

   c. Failing to take into account actual out of pocket expenses;

   d. Failing to timely provide sufficient funds for the repairs and re-placement of the subject property;

   e. Failing to pay for sufficient business loss incurred by plaintiff;

   f. Failing to promptly adjust and properly pay the true value of the Plaintiffs' loss;

   g. Failing to provide sufficient funds for the repair or replacement of the contents contained in the subject property, as per policy provisions; and

   h. Any other acts or omissions to be shown at trial on the merits.

## SECOND CLAIM
## Negligent Misrepresentation

23. Plaintiff restates allegations contained in Paragraphs 1 through 23, and incorporates here by reference.

24. The Defendant further breached its contract with Plaintiffs and/or acted negligently by the following actions:

   a. Failing to respond to verbal requests and correspondence in a timely manner;

   b. Failing to properly and timely adjust this case consistent with insurance industry standards;

d in Providence/Bristol County Superior Court
omitted: 4/17/2017 3:58:08 PM
Envelope: 1007232
Viewer: Alexa G.

Case 1:17-cv-00233-WES-LDA   Document 1-1   Filed 05/16/17   Page 5 of 17 PageID #: 9

    c.    Failing to provide a reasonable basis for denying payment on this claim following the incident;

    d.    Failing to meet its duty owed to Plaintiff to engage in good faith and fair dealings; and

    e.    Any other actions or omissions that will establish bad faith, breach of contract and/or negligence which will be proven at the trial on the merits.

### THIRD CLAIM
### Specific Performance

25. Plaintiff restates allegations contained in Paragraphs 1 through 25, and incorporates here by reference.

26. The Defendant entered into the subject contract of insurance with the Plaintiff wherein it clearly and expressly agreed to provide insurance coverage for physical loss to property, contents and loss of business use proximately and efficiently caused by a flood. Plaintiff in turn paid Defendant substantial premiums in consideration for the agreed upon coverage.

27. Plaintiff has now suffered severe damage to her insured residence and property as a proximate and direct result of weather and water intrusion; and has consequently was denied business use of the property as well.

28. Plaintiff performed their end of the bargain and is accordingly now entitled to specific performance of the insurance contract.

29. The Court should therefore require Defendant to specifically perform such agreement.

### FIFTH CLAIM
### Unjust Enrichment

30. Plaintiff restates allegations contained in Paragraphs 1 through 30, and incorporates here by reference.

31. Despite realizing substantial premium from Plaintiff, Defendant has withheld the insurance proceeds owed to Plaintiff for the damage to their insured property.

d in Providence/Bristol County Superior Court
omitted: 4/17/2017 3:58:08 PM
elope: 1007232
iewer: Alexa G.

Case 1:17-cv-00233-WES-LDA   Document 1-1   Filed 05/16/17   Page 6 of 17 PageID #: 10

32. Defendant has therefore been unjustly enriched at plaintiff's expense.

## SIXTH CLAIM
## Bad Faith

33. Plaintiff restates allegations contained in Paragraphs 1 through 33, and incorporates here by reference.

34. Defendant breached its duty of good faith and fair dealing under common law and RI G.L. § 9-1-33, as well as its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Plaintiffs by:

   a. Failing to issue an insurance contract to Plaintiffs that is not designed to be used to deny coverage for the cost of repairs and restoration of plaintiffs' property as a result of the damages arising from an occurrence or covered peril as defined in the policy;

   b. Failing to provide a property insurance contract that is unambiguous;

   c. Failing to pay Plaintiffs sufficient out-of-pocket expenses;

   d. Failing to sufficiently pay Plaintiffs for contents damaged;

   e. Failing to sufficiently pay Plaintiffs for loss of business use;

   f. Failing to pay a settlement within required timeline after the agreement is reduced to writing;

   g. Failing to pay the full amount of any claim due the Plaintiffs within sixty (60) days after receipt of satisfactory proof of loss;

   h. Failing to promptly adjust the claim within thirty (30) days of being notified by petitioners.

   i. Failing to reasonably and promptly adjust the amounts of the claim to reflect actual costs of repairs and/or replacement;

id in Providence/Bristol County Superior Court
omitted: 4/17/2017 3:58:08 PM
elope: 1007232
iewer: Alexa G.

Case 1:17-cv-00233-WES-LDA   Document 1-1   Filed 05/16/17   Page 7 of 17 PageID #: 11

j.  The Defendants failure and/or omissions constitute bad faith in that they were arbitrary and capricious, all of which entitles Plaintiffs to recover attorney's fees, costs and penalties as allowed by law; and

k.  Any other acts or omissions to be shown at trial on the merits.

35. Defendant's failures were willful, intentional or arbitrary and capricious so that the Plaintiffs are entitled to an award of penalties, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff is entitled to full insurance coverage under the Defendant's policy of insurance for the damage to the insured commercial property and other such, equitable relief set for in the petition, including, but not limited to:

1.  A Judgment by this Court that the subject policy provides full insurance coverage for the damages to plaintiff's insured residence;

2.  A Judgment that Defendants violated its duty and applicable laws in the adjusting, claims handling and payment of insurance proceeds under the policy of insurance.

3.  Bad faith damages against defendant, including attorney's fees, court costs and any other damages incurred by Plaintiff as a result of the bad faith of Defendant;

4.  Court costs, expenses, and judicial interest; and all other equitable relief deemed appropriate by this Court.

## JURY DEMAND

The plaintiff respectfully prays for a trial by jury of all claims.


WHEREFORE, Plaintiffs respectfully prays after due proceedings be had that there be a judgment entered in their favor and against defendants awarding damages, prejudgment interest, post judgment interest, attorney's fees and costs, punitive and/or exemplary damages as may be allowed by law and for further relief as equity and justice require.

Filed in Providence/Bristol County Superior Court
Submitted: 4/17/2017 3:58:08 PM
Envelope: 1007232
Reviewer: Alexa G.

Case 1:17-cv-00233-WES-LDA   Document 1-1   Filed 05/16/17   Page 8 of 17 PageID #: 12

Dated: April 17, 2017

                                                        Respectfully Submitted,

                                                        John Deaton, Esq. (RI Bar # 6537)
                                                        Mark T. Boivin, Esq. (RI Bar # 7515)
                                                        The Deaton Law Firm
                                                        450 North Broadway
                                                        East Providence, RI 02914
                                                        Phone (401) 351-6400
                                                        Facsimile (401) 351-6401

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT
CIVIL ACTION NO.: 96-9999

IN RE ASBESTOS LITIGATION

## COURT-COUNSEL PROTOCOL REGARDING ASBESTOS LITIGATION

### I. INTRODUCTION

Except as noted below, this Protocol shall apply to all pending and future cases in the Rhode Island State Court Asbestos Personal Injury Litigation [1] hereinafter ("Asbestos Litigation"). To the extent that the provisions of this Protocol are inconsistent with any prior Orders of this Court, the provisions of this Protocol shall supersede inconsistent provisions of prior orders.

This Protocol shall apply to all documents (including any exhibits or attachments to said documents) that parties to the Asbestos Litigation are required by Rhode Island Rules of Civil Procedure or any applicable Case Management Order to serve on counsel of record, except that it shall not apply to service of summonses and complaints, which shall continue to be served pursuant to Rule 5 of the Super.R.Civ.P. In addition, nothing in this Protocol shall have any effect on the process by which documents are filed with the Court. The parties must continue to file all documents in paper form with the Court according to the applicable

---

[1] Individual Rhode Island Asbestos Litigation cases are designated as asbestos cases on the Superior Court Civil Case Cover Sheet.

1

Rules and Case Management Orders. This Protocol is not intended to affect the substantive rights of any party with respect to any document.

## II. ELECTRONIC SERVICE

1. Rule 1 of the Super.R.Civ.P. provides that the rules of civil procedure "shall be construed to secure the just, speedy and inexpensive determination of every action."

2. Rule 16 of the Super.R.Civ.P. provides that the court may in its discretion direct the attorney for the parties to appear before it to consider "... such other matters as may aid in the disposition of the action. Further, Rule 5(b)(2)(D) of the Super.R.Civ.P. (amended 2006) provides that service of pleadings and other papers may be made by delivering a copy by electronic means so long as the person upon whom service is being made has consented to such service in writing.

3. The Court has pending before it at any given time dozens or even hundreds of active asbestos-related claims that have been assigned to the Honorable Alice B. Gibney. In these cases, one (1) of three (3) law firms[2] usually represents the plaintiffs and there are often many of the same defendants represented by many of the same defense counsel. Many of the pleadings, motions and discovery served in these cases are similar or identical in all the cases. Each case often involves the service of hundreds of such documents.

4. Many of the parties in all the asbestos litigation assigned to this justice have been serving motions and discovery and amended pleadings upon each other by email and have found this to be a speedy and inexpensive method of service.

5. Accordingly, except as set forth in Paragraphs 6 and 7 all documents (including exhibits or attachments to said documents) that parties to the asbestos litigation are required by the Rhode Island Rules of Civil Procedure and any applicable Case Management Order to serve on counsel of record, may be served electronically via Lexis-Nexis File & Serve ("Lexis"), in Portable Document Format (PDF) only, to all parties. This Protocol does not affect Rule 5(b)(2)(D)(3) (amended 2006) of Super.R.Civ.P. which provides that service by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the intended service did not reach the person to be served. Any document served electronically shall be otherwise identical to its appearance as filed with the Court, including the signatures of parties and counsel except as provided in Paragraph 17. Electronic service shall be deemed complete upon transmission unless the party making service learns that the

---

[2] Early Ludwick & Sweeney, Motley Rice LLC, and The Deaton Law Firm.

2

attempted service did not reach the person to be served. If the document served electronically requires a response and none is received within the allotted time, prior to any default, deemed admissions or other adverse consequence to the failure to respond to discovery or pleading, the serving party shall give notice of non-response (including a copy of the earlier-served document) by e-mail and by hard copy (hard copy is defined herein as first class mail, overnight delivery, hand delivery or facsimile) to the non-responding party, who shall then have ten (10) days from receipt of the hard copy to respond before being held in default or being deemed to have admitted any matter or otherwise be subject to adverse consequences from the failure to respond. Any document transmitted via email shall certify in the Certificate of Service that a true and correct copy was electronically served to counsel of record via email list service.

6. This Protocol does not affect the filing of papers with the Court and shall apply only to the service of documents. Original documents must still be filed as provided by Super.R.Civ.P. 5 or any other applicable provision of law.

7. This Protocol does not affect the manner of service of summons and complaints and third-party complaints under Super.R.Civ.P. Rules 4 and 14. Further, this Protocol is not intended to pertain to the service of correspondence on any party other than correspondence directed to the Court. Any party at his or her option may utilize electronic service for the service of correspondence on any party. If a party elects not to use electronic service for the service of correspondence other than correspondence directed to the Court, he or she may utilize one or more of the following methods of service: first class mail, overnight delivery, express mail, hand delivery, facsimile, certified or registered mail, or email outside of electronic service contemplated in this Protocol.

8. Except as provided in Paragraphs 6 and 7, all parties shall receive service solely by electronic means. Pursuant to Rule 5 (b)(2)(D), a signed Order Authorizing Electronic Service of Documents will constitute consent by all parties to the asbestos litigation.

3

### III. PROCESS FOR ELECTRONIC SERVICE OF DOCUMENTS

9. LexisNexis File & Serve ("Lexis") shall make available to the Court (for the limited purpose of access to certain documents **not** for the purposes of filing) and to the parties in this litigation a system for providing electronic service, storage and delivery of documents ("the system").

10. A party seeking to effectuate service of a document covered by this Protocol, shall send the document to Lexis by one of following three means of delivery:

    (a) electronic transfer via the Internet to Lexis (the document being either a scanned executed document or a scanned image of a document);

    (b) fax transmission; or

    (c) via overnight mail or U.S. mail addressed to Lexis.

11. The cost per transaction (documents including exhibits) for service via Lexis shall be $13.00 ("single transaction fee") if electronic transfer method is used. Lexis will charge an additional fee of $.30 per page if the document is faxed or mailed to Lexis for upload. Lexis shall collect the above-referenced fees in the form of an invoice sent to each firm on a monthly basis.

12. A "transaction" is: (a) the uploading/service of document(s) and any related exhibits and attachments to the document(s) of any aggregate length in any single case; or (b) the uploading/service of document(s) and any related exhibits and attachments to the document(s) of any aggregate length in multiple cases. A multiple case service option will be available to parties for a single transaction fee, which will allow a party to add multiple captions to one single transaction for the uploading/service of document(s) and any related exhibits and attachments to the document(s).

13. Regardless of transmission method, all document service must be initiated on the website by a registered user. Lexis shall then convert all documents into Adobe Portable Document Format (pdf) and make them available to parties on an Internet website maintained by Lexis ("the Website").

14. Lexis shall post all documents to the Website according to the following timetable:

    (a) Electronic documents shall be posted to the Website within one (1) hour of receipt of such document from a registered user;

    (b) Faxed documents shall be posted to the Website within six (6) business hours of receipt from a registered user; and

4

(c) Mailed paper copy documents shall be posted to the Website within twenty-four (24) hours of receipt of the overnight mail package.

15. Loss of internet connectivity on the part of a user shall not extend any service or filing deadlines except as provided in the paragraph. For any day or partial day that the Lexis system is out of service, deadlines applicable to service of documents pursuant to this Protocol shall be extended by one full business day. Where the occurrence of an event causes a loss of a user's internet connectivity or causes an inability to access the Lexis system, that user may serve opposing counsel and liaison counsel by email (outside of electronic service contemplated in this Protocol) or by "hard copy" (see paragraph 5), and upload the document to the Lexis system once internet connectivity is reestablished. Moreover, in the event that the Lexis system service is not functioning for more than one day, a party may serve opposing counsel and liaison counsel by email (outside of electronic service contemplated in this Protocol) or by "hard copy" (see paragraph 5) and then through the Lexis service once such service is functioning.

16. Lexis shall maintain a "Single Case" docket for service in an individual case, and an "All Cases Docket" (also known as "In Re: Asbestos Litigation Docket," Docket No.: 96-9999) for documents filed on the Rhode Island Asbestos Litigation Consolidated Docket. Case-specific documents shall be posted to the "Single Case" docket, not the "All Cases Docket."

17. Documents posted on Lexis need not contain visual representations of the filing attorneys' signatures. Where it is not possible for the attorney to insert an original signature, attorneys shall (in place of a signature and where the signature would normally appear) place the following declaration: "Original Signature on File." Original documents filed with the Court must contain original signatures in conformance with the Rhode Island Rules of Civil Procedure.

18. Access to the Lexis system shall be limited to registered users. Registered users shall consist of Court personnel as authorized by the Justice responsible for such asbestos litigation and counsel of record or their designees within their law firms. Lexis shall provide each registered user with a username and password to access the system. Lexis personnel shall perform all administrative functions for the system, except that registered users may use the "Case Management" function to adjust their mappings (i.e. add or delete registered users who receive electronic notification in any given case).

19. Any document electronically served pursuant to this Protocol shall be deemed served as of the date and time it is transmitted to Lexis. Any document transmitted to the system shall certify in the Certificate of Service that a true and correct copy was electronically served to counsel of record via Lexis. A

5

document is deemed to have been served via the Lexis system on a given date so long as it is served via the Lexis system no later than 11:59 p.m. Eastern Time on such date. Documents served via the Lexis system after 11:59 p.m. Eastern Time on a given date will be deemed served the next business date.

20. Instructions for use of the Lexis system shall be posted on the Lexis Main Menu, which is displayed each time a user logs onto Lexis.

21. Unless ordered by the Court, no documents that are filed under seal ("sealed documents") shall be served via the system. Rather, service of sealed documents shall be made pursuant to Rule 3.3 of the Superior Court Rules of Procedure.

## IV. ADDITION OF NEW CASES OR NEW PARTIES TO THE SYSTEM/ RESPONSIBILITIES OF PARTIES

**Plaintiffs' counsel responsibilities:**

22. For each new case filed on or after this Protocol, Plaintiffs' counsel shall, within forty-eight (48) hours of filing the complaint: (a) contact Lexis to initiate the electronic case docket or initiate it directly on the system, and (b) contact Lexis to map to the case docket all defendants (who have a registered user) named in the case.

**Defense counsel responsibilities:**

23. Defense counsel must designate one user within their law firm who will be responsible for receiving service on behalf of their defendant. It shall be responsibility of each individual defense counsel/firm to map any additional users whom they wish to receive service for any defendant(s) by utilizing the Case Management functions on the Lexis system. See also Paragraph 24 regarding the addition of new parties. Once an additional user is mapped to a defendant, that user will be automatically mapped to every existing or new case in which that defendant is named.

**Joint plaintiffs' counsel/defense counsel responsibilities:**

24. When a party serves a motion or pleading seeking to add new parties to a case, the serving party shall, within forty-eight (48) hours of serving the motion or pleading, request that Lexis map to the case docket all parties (who have a registered user) sought to be added. If a party sought to be added does not have a registered user, the moving party shall serve the motion pursuant to Rule 5 of the Super.R.Civ.P.

25. When a new party to the asbestos litigation is named or added in a case, the party seeking to name or add the new party shall serve a copy of this Protocol upon the new party simultaneously. New parties that are not added to a case by an existing party, will be provided with a copy of this Protocol by Defendants' liaison counsel after counsel for such party has entered an appearance in the case. All new parties shall, within twenty (20) days of receipt of service of this Protocol, contact Defendants' liaison counsel to provide the appropriate contact information and to designate registered users to receive service on behalf of the new defendant for the service. All subsequent service to that party shall be made electronically in accordance with the provisions above, except as otherwise stated in paragraphs 6 and 7.

### V. IMPLEMENTATION OF LEXIS NEXIS

26. Implementation of the Lexis system shall take place forty-five (45) days within the Court's execution of this Protocol.

BY ORDER:

_Denise M[illegible]_
Deputy Clerk

ENTER:

_[signature]_

DATE:

_1/9/08_

7

SUBMITTED BY:

_____
Stephen T. Armato #6395
Cetrulo & Capone LLP
321 South Main Street
Providence, RI 02903
Telephone: 401-274-7850
Facsimile: 401-274-9670


_____
Jennifer A. Whelan #6952
McGivney & Kiluger, P.C.
72 Pine Street
Providence, RI 02903
Telephone: 401-272-5300
Facsimile: 401-331-7454

8

721397v1

**CERTIFIED MAIL**

7015 1520 0001 0913 1084

**DEATON LAW FIRM**
450 N BROADWAY
EAST PROVIDENCE, RI 02914
401-351-6400

**First Class Mail**

Corporation Service Company
222 Jefferson Boulevard,
Suite 200
Warwick, RI 02888