```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
JOHN DEATON and O & J, LLC,        )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )    C.A. No. 17-233 WES
                                   )
LIBERTY MUTUAL GROUP, INC. d/b/a   )
LIBERTY MUTUAL INSURANCE,          )
                                   )
        Defendant.                 )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Plaintiffs John Deaton and O & J, LLC ("Plaintiffs") moved to remand this case to state court (Pls.' Mot. To Remand, ECF No. 6) and Defendant Liberty Mutual Group, Inc. ("Liberty Mutual") opposed that motion (Def.'s Opp'n to Pls.' Mot. To Remand, ECF No. 7). After the parties filed their respective motions, the Court issued an order inviting Plaintiffs to file a stipulation to the amount in controversy within 21 days (ECF No. 8) ("Stipulation Order"). Plaintiffs declined the Court's invitation and now the Court, addressing its merits, GRANTS Plaintiffs' motion for the reasons that follow.

I.  BACKGROUND

The parties' dispute arises from a 2013 incident in which rain and wind damaged Plaintiffs' commercial property. (Pls.'

Compl. 2, ECF No. 1-1.) Plaintiffs and their insurance company, Liberty Mutual, disagreed as to the reimbursement amount Plaintiffs were entitled to under the insurance policy. (Id. at 3.) On April 17, 2017, Plaintiffs filed a complaint against Liberty Mutual in Rhode Island Superior Court, alleging five claims for relief: (I) breach of contract; (II) negligent misrepresentation; (III) specific performance; (IV) unjust enrichment; and (V) bad faith. (Id. at 4–8.)

Plaintiffs allege that Liberty Mutual owes them approximately $68,345.76 for the original loss sustained to the insured property, but note that "[t]he actual amount lost to date may be higher than that documented in 2014." (Id. at 3.) In their prayer for relief, Plaintiffs demand "full insurance coverage" under the policy, as well as "bad faith damages" and "punitive and/or exemplary damages." (Id. at 7.)

Liberty Mutual filed a Notice of Removal in this Court on May 16, 2017, pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(1), and removal statutes, 28 U.S.C. §§ 1441 and 1446. (Def.'s Notice of Removal 1., ECF No. 1.) Liberty Mutual asserts that although Plaintiffs' demand for "preliminary damages of $68,345.76" is less than the statutory amount in controversy minimum of $75,000, "[t]he claim for punitive damages, if

2

substantiated, would realistically meet or exceed the $6,654.24 required to meet the jurisdictional amount." (Id. at 1-3.)

Plaintiff timely filed a Motion To Remand alleging that "[t]he amount in controversy in this action is $68,345.76, which is less tha[n] the minimum requirement of $75,000.00," and thus, this Court lacks jurisdiction over the case. (Pls.' Mot. To Remand 1, ECF No. 6.)

II. DISCUSSION

"A case asserting state law claims and filed in state court may be removed by a defendant to federal court, if there is both diversity of citizenship and a sufficient amount in controversy pursuant to 28 U.S.C. § 1446(b)-(c)." Hogan v. Wal-Mart Stores E., L.P., No. CA 13-603 S, 2014 WL 66658, at *2 (D.R.I. Jan. 8, 2014). The parties do not dispute that they are of diverse citizenship. As the party seeking removal, Liberty Mutual bears the burden of establishing a reasonable probability that the amount in controversy requirement is met. See Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48-50 (1st Cir. 2009) (stating that the "reasonable probability standard is . . . for all practical purposes identical to the preponderance standard," but the "'reasonable probability' language better captures the preliminary nature of this [removal] inquiry"). The Court is mindful that in the interest of protecting Plaintiffs' choice of court and

3

principles of "federalism and comity, removal statutes are to be construed strictly and, in ambiguous cases, constructed against removal." Porter v. Am. Heritage Life Ins. Co., 956 F. Supp. 2d 344, 347 (D.R.I. 2013) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)). In determining the amount in controversy, the Court assumes that Plaintiffs' allegations are true, and considers "[t]he types of damages . . . permitted by the state-law cause of action." Hogan, 2014 WL 66658, at *4 (citing Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012); Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 65 (D.R.I. 2002)). The Court also considers affirmative evidence outside of the complaint in support of the amount in controversy. See Amoche, 556 F.3d at 51 (relying on the defendant's affidavit regarding damages calculations in the amount in controversy analysis).

The parties agree that at least $68,345.76 is in controversy. (Pls.' Mot. To Remand 4; Def.'s Notice of Removal 2-3.) Beyond that, Liberty Mutual has offered no affirmative evidence to support its assertion that the remaining claims, "if substantiated, would realistically meet or exceed the $6,654.24 required to meet the jurisdictional amount." (Def.'s Notice of Removal 2-3.) Liberty Mutual cites to myriad cases from other jurisdictions that consider claims for punitive damages to substantiate the amount in controversy requirement, but Liberty Mutual gives no evidence to

4

support a conclusion that there is a reasonably probability that the punitive damages Plaintiffs claim would be greater than $6,654.24. This Court has previously declined to consider punitive damages on a motion to remand because "those amounts are not quantifiable at this point in the litigation," Porter, 956 F. Supp. 2d at 348, and any consideration of them would be pure speculation.

Liberty Mutual has failed to establish a reasonable probability that the amount in controversy exceeds the statutory minimum of $75,000. As such, this Court must carry out the federal practice of strictly construing removal statutes against removal. See Shamrock Oil & Gas Corp., 313 U.S. at 109.

III. CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiffs' Motion To Remand (ECF No. 6).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: November 9, 2017